## WILL.

ELISHA PARKHILL, EXECUTOR OF JAMES PARKHILL,

*against*

JESSE PARKHILL ET AL. *Rutland*, 1819.

APPEAL from the Judge of Probate.

In this case, it appeared, that after the publication of the will, in question, the testator had deeded all his real estate; and the question was, whether such conveyance operated as an implied revocation of the will, *in toto.*

For the defendants, *Mallary* contended :

1. That the execution of the deed was inconsistent with the will, and therefore the *law* declares such act to be a complete revocation of the will. Bac. Ab. vol.7, p. 334, 366. 7 T. R. 412. 1 Bos. and Pul. 576. 3 Com. Dig. 396, 400. 2 Atk. 273.

2. Parol evidence is inadmissible to prove, that the testator did not intend to revoke the will ; for, as the execution of the deed was a *legal* revocation—the intention of the testator not to have it considered a revocation, is of no avail, in opposition to the rule of law. Peake's Ev. 437. 7 T. R. 409. 6 Jac. L. D. 402. 2 Atk. 579. 3 Atk. 804. 1 Bos. and Pull. 576.

3. The legacies are dependent on the dispositon of the real estate, and *that* being disposed of by deed, there is nothing left to give effect to the will. 3 Com. 400.

For the executor, *Langdon* and *Williams* contended :

That the testator's giving a deed of all his real estate, or converting it into personal property, is not a revocation of the will, except *pro tanto*, and cannot affect it as to personal property.   3 Wilson 512.   6 Jac. L. D. 448.   7 Bac. Ab. 344–5–6–7–8.

The Court decided : That the alteration or disposition of the real estate, subsequent to making and publishing a will, is not, in this State, an implied revocation of such will *in toto*.